**ZAI BING ZHU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–4948–AG.**

United States Court of Appeals,
Second Circuit.

April 11, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Jan Paul Miller, United States Attorney for the Central District of Illinois, Eugene Miller, Assistant United States Attorney, Urbana, Illinois, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner Zai Bing Zhu, a citizen of China, through counsel, petitions for review of an order of the BIA, entered in May 2003, affirming a January 2002 decision of an IJ. The IJ rejected the petitioner's application for asylum, withholding of removal, and relief under Article Three of the Convention Against Torture ("CAT").

When, as here, the BIA summarily affirms the IJ's decision, we may review the IJ's decision rather than that of the BIA. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

480

*Gen.,* 400 F.3d 963, 964 (2d Cir.2005) (per curiam).

In the present case, the IJ's denial of Zhu's application on credibility grounds was supported by substantial evidence. In light of the fact that the IJ's adverse credibility determination was supported by substantial evidence, this Court need not consider Zhu's claims that: (1) the IJ did not fully consider the harm that Zhu had allegedly suffered in China; (2) the harm that he and his wife had suffered in China rose to the level of persecution; or (3) the IJ's insufficiency of the evidence finding was flawed for failure to identify the evidence that Zhu should have submitted or show that such evidence had been reasonably available.

The IJ relied upon inconsistencies in Zhu's testimony regarding the fine that he claimed to have received and inconsistencies between Zhu's testimony, his application, and the letter from his wife with respect to his claim that he went into hiding after Chinese officials had released him from detention. His testimony also conflicted with the evidence Zhu proffered in the form of his wife's letter, which omitted several material aspects of Zhu's persecution claim and was mailed from the address from which Zhu claimed he and his wife had fled. Zhu's attempt to explain the discrepancies was inconsistent with his previous testimony, and the IJ could properly have found it incredible. The court also properly considered and rejected Zhu's corroborative evidence, finding it to have been issued substantially after the alleged events took place. Furthermore, with regard to his household registration, Zhu's papers were dated in April of 2001, sometime after Zhu fled China, and Zhu provided no explanation of how he came into possession of them. The IJ also found Zhu's demeanor supported his adverse credibility determination, a finding to which we defer. *See Jin Chen v. U.S.*

*Dep't of Justice,* 426 F.3d 104, 113 (2d Cir.2005).

We have considered all of the petitioner's claims and find his petition to be without merit. The petition for review is therefore DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).